UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRALING MAJOR HILT,<br><br>          Plaintiff,<br><br>     v.<br><br>MOSHE SINAIE,<br><br>          Defendant. | Case No.: 1:25-cv-00936-SKO<br><br>**ORDER DIRECTING PLAINTIFF TO PROVIDE A PROPERLY COMPLETED APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER AND TO CLARIFY ENTRIES ON HIS INMATE STATEMENT REPORT** |

Plaintiff Graling Major Hilt is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

### I.     INTRODUCTION

Plaintiff initiated this action by filing a complaint on July 31, 2025. (Doc. 1.) That same date, Plaintiff filed an Application to Proceed In Forma Pauperis by a Prisoner. (Doc. 2.)

### II.    DISCUSSION

In the application, Plaintiff states he is currently incarcerated and is not employed. (Doc. 1.) Plaintiff failed to answer Questions 3 through 7 of the application regarding income sources, cash and other assets, and dependent persons. (*Id*. at 1-2.) Plaintiff also failed to date the application. (*Id*. at 2.)

Additionally, following receipt and review of Plaintiff's Inmate Statement Report dated August 1, 2025, the Court has questions regarding "JPAY" and "SALES" entries during the

1  relevant period. (Doc. 6.) The following seven JPAY deposits totaling $1,130 occurred between
2  February 1, 2025, and August 1, 2025:

|  |  |  |
|---|---|---|
| 2/16/25 | JPAY | $300 |
| 3/8/25 | JPAY | $150 |
| 4/18/25 | JPAY | $ 50 |
| 4/23/25 | JPAY | $100 |
| 5/19/25 | JPAY | $150 |
| 6/6/25 | JPAY | $300 |
| 6/14/25 | JPAY | $ 80 |

(*Id*. at 2.) The Court notes four SALES transactions totaling $854.45 occurred during the relevant period. (*Id*.) Monies provided to Plaintiff via JPAY should be disclosed *and explained*. *See, e.g.*, *Owens v. Schultz*, No. 1:24-cv-00820-SKO, 2024 WL 3722881, at *1-2 (E.D. Cal. July 19, 2024) (directing plaintiff to "explain the sixteen JPAY entries appearing on his Inmate Statement Report").

Plaintiff is also advised this Court may take into consideration purchases in determining whether an individual should be granted IFP status. *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (citation omitted) (courts are entitled to consider plaintiffs' "economic choices about how to spend [their] money" when considering applications to proceed IFP); *see also Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks that a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor"); *see also Owens*, 2024 WL 3722881, at *1-2. Specifically, Plaintiff will be directed to explain the seven JPAY entries totaling $1,130 (*Id*. at 2), and to describe the four SALES entries totaling $854.45. (*Id*.)

Finally, the Court notes Plaintiff indicated on his application that he was *not* "currently employed (includes prison employment)" (*see* Doc. 2 at 1); however, Plaintiff's Inmate Statement Report reveals four entries titled "I/M PAY – SUPPORT" during the relevant period (*see* Doc. 6 at 2). Although the deposits for that income total only $92.55, Plaintiff will be directed to explain

2

this discrepancy.

In sum, Plaintiff's IFP application and Inmate Statement Report do not establish he is entitled to IFP status. Because Plaintiff failed to respond to Questions 3 through 7, his application is incomplete. Additional information is also needed regarding entries on Plaintiff's Inmate Statement Report. To ensure Plaintiff is entitled to proceed without prepayment of the required $405 filing fee for this action, Plaintiff will be directed to provide responses to Questions 3 through 7, to explain the JPAY and SALES transactions on his Inmate Statement Report dated August 1, 2025, and to explain the discrepancy concerning his employment status, before the Court issues a ruling on his pending IFP application.

### III.   CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** as follows:

1. The Clerk of the Court is **DIRECTED** to serve Plaintiff with a copy of his IFP application filed July 31, 2025 (Doc. 2) and the Inmate Statement Report dated August 1, 2025 (Doc. 6), for ease of reference and as a one-time courtesy, along with this Order.

2. Plaintiff **SHALL** provide the following information, *in writing and under penalty of perjury*, **within 21 days** of the date of this Order:

    a. Responses to Questions 3 through 7 in his application;

    b. An explanation for the JPAY and SALES transactions appearing on Plaintiff's Inmate Statement Report dated August 1, 2025; and

    c. An explanation regarding the discrepancy in his employment status.

3. Plaintiff **SHALL** *sign and date* the application; and

4. Alternatively, Plaintiff may remit the full filing fee of $405 within 21 days.

**WARNING: A failure to comply with this Order may result in a recommendation that this action be dismissed, without prejudice, for a failure to obey court orders**.

IT IS SO ORDERED.

Dated:   **August 6, 2025**                    /s/ *Sheila K. Oberto*

3

UNITED STATES MAGISTRATE JUDGE

4